UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARTIN BAHER,

        Petitioner,

    -v-                                   No.  05 Civ. 5950 (LTS)(GWG)

WILLIAMS PHILLIPS, Superintendent,
Green Haven Correctional Facility,

        Respondent.

--------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER ADOPTING
### REPORT AND RECOMMENDATION

        On December 22, 2008, Magistrate Judge Gabriel Gorenstein issued a Report and

Recommendation ("Report") recommending that Petitioner Martin Baher's ("Petitioner") habeas

corpus petition be denied.  Timely objections to the Report were received from Petitioner, and

the Court has reviewed thoroughly those objections.

        When reviewing a Report and Recommendation, the Court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C.A. § 636(b)(1)(C) (West Supp. 2006).  The court must make a <u>de novo</u> determination to

the extent that a party makes specific objections to a magistrate's findings.  <u>United States v. Male</u>

<u>Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997).  To the extent, however, that the party makes only

conclusory or general objections, or simply reiterates the original arguments, the Court will

review the Report strictly for clear error.  <u>See</u> <u>Pearson-Fraser v. Bell Atl.</u>, No. 01 Civ. 2343

(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); <u>Camardo v. Gen. Motors Hourly-Rate</u>

Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ.

7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994).  Objections to a Report and

Recommendation must be specific and clearly aimed at particular findings in the magistrate

judge's proposal.  Camardo, 806 F. Supp. at 381-82.

        The Court has considered thoroughly Petitioner's objections, and has considered

de novo all of the objections that specifically and clearly address particular findings in the

Report.  Familiarity with the contents of the Report is presumed.  For the following reasons, the

Court adopts Judge Gorenstein's recommended conclusion and denies Petitioner's habeas corpus

petition.

        Petitioner's objections to particular findings in the Report assert that the Report

erred as follows: 1) the Report erred in finding that the trial judge acted reasonably when it

accepted as true the jury foreperson's note stating that the jury was prepared to proceed; 2) the

Report, in concluding that the Allen charge was appropriate, erred in finding that the fact that loud

voices were heard from the jury room over two days and the fact that one juror reported that

another juror felt threatened were irrelevant; 3) the Report erred in finding that the District

Attorney's files indicated that the plea offer did not cover the murder charge; 4) the Report

erroneously rejected Petitioner's substitution of counsel claim on the basis that the claim had been

procedurally defaulted.

        The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, in

relevant part, that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim - (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (West 2006).  As the Supreme Court has explained, "[a] federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts."  Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case."  Id. (citing Williams, 529 U.S. at 407-08).  Moreover, state court determinations of fact are "presumed to be correct," and that presumption may be rebutted only "by clear and convincing evidence."  28 U.S.C. § 2254(e)(1) (West 2006).

Petitioner asserts that the Report erred in finding that the trial judge acted reasonably when he accepted as true the jury foreperson's note stating that the jury was prepared to proceed, and that the trial judge should have instead conducted an individualized inquiry of the jurors as to whether they were ready to proceed.  Petitioner contends that the trial judge failed to consider the fact that it was not the foreperson but another, unidentified, juror who wrote the note about the threat; the fact that the one who wrote the note would be too "intimidated" to bring the matter to the court's attention herself; and the fact that such juror would, under intimidation, nod in the presence of other jurors when asked if she could continue with deliberations.  Petitioner, however, fails to cite any case decided by the Supreme Court of the United States that clearly requires that a trial judge conduct a limited, individual inquiry in such circumstances.  The Supreme Court cases cited to by Petitioner affirm the principle that the right to a jury trial includes

the right to a panel of impartial and uncoerced jurors, but the facts involved in these cases are materially distinguishable.  In Turner v. State of Louisiana, 379 U.S. 466 (1965), the Supreme Court reversed the underlying conviction because two of the prosecution's critical witnesses freely mingled and conversed with the jurors in and out of the courthouse and performed errands for the jurors throughout the three-day trial.  See id. at 468-73.  Petitioner's cites a passage in Tanner v. United States, 483 U.S. 107 (1987), wherein the Supreme Court observed simply that jurors "may report inappropriate jury behavior to the court before they render a verdict," id. at 127, but neither this tangential reference, nor its citation to Lee v. United States, 454 A.2d 770 (D.C. App. 1982), established a rule clearly requiring trial judges to conduct individual inquiries under any particular circumstances, much less the circumstances in this case.[1]

Not only does Petitioner fail to demonstrate how the state appellate court's affirmance of the trial judge's discretionary handling of the jury was contrary to clearly established Supreme Court law, Petitioner's speculative arguments fail to demonstrate that the appellate court's decision unreasonably applied clearly established federal law in relation to the jury inquiry issue.  Although Petitioner speculates that the juror was too "intimidated," the juror had not been too "intimidated" to raise the concern in the first place, Petitioner points to no change in circumstances following the note that would indicate that the juror would have suddenly been cowed into remaining silent if the threat persisted after she submitted the note, and Petitioner points to nothing concrete in the record demonstrating that the juror was so intimidated that she felt she

---

[1]    Petitioner also cites Lowenfeld v. Phelps, 484 U.S. 231, 241 (1988), for the principle that criminal defendants are entitled to uncoerced jury verdicts, but that case dealt with the appropriateness of an Allen charge under the circumstances of that case, not whether or not a trial judge should have conducted an individualized inquiry of the jurors after being notified of a particular issue.

had to nod affirmatively, instead of, for instance, not nodding at all, in response to the judge's question about whether everyone was ready to proceed.  Therefore, the appellate court's approval of the trial judge's decision not to conduct an individualized inquiry and to accept the jurors' affirmative nodding in response to his question as to whether the jurors were ready to proceed calmly and rationally does not unreasonably apply the Supreme Court's rule guaranteeing generally the right to a jury that is free from coercion.  For the above reasons, and for the reasons outlined in the Report, the Court finds that the appellate court's decision affirming the trial judge's discretionary response to the juror's note was not contrary to clearly established Federal law as determined by the Supreme Court of the United States, nor was it an unreasonable application of any such law.

Petitioner argues that the Report, in concluding that the Allen charge given was reasonable under the circumstances, erred in finding that the fact that loud voices were heard from the jury room over two days and the fact that one juror reported that another juror felt threatened were irrelevant.  Petitioner's objection here merely rehashes his earlier arguments that the trial judge did not adequately respond to the juror note and, for the reasons articulated above and in the Report, the Court concurs with the Report's conclusion that the trial judge's discretionary response to the note and the loud voices, which included, inter alia, repeated reminders to be calm and rational, solicitations of the parties' lawyers for suggestions, and consideration of the jury's affirmations in various forms that they were ready to proceed, was not unreasonable.  In any case, the Report did not find that the facts emphasized by Petitioner were "irrelevant," but rather relied on its earlier analysis concerning whether the trial judge should have conducted an individualized inquiry, taking into account these facts as well as other circumstances, in concluding that the Allen charge was not unreasonable in that context.

Petitioner relies on Smalls v. Battista, 191 F.3d 272 (2d Cir. 1999), to no avail.  In that case, the Second Circuit held that the state court judgment was both contrary to and an unreasonable application of clearly established Supreme Court law because the trial judge instructed jurors to convince one another that one view was superior to another while failing to remind jurors not to relinquish their own conscientiously held beliefs.  See id. at 278 (citing Lowenfield v. Phelps, 484 U.S. 231 (1988)).  However, as Petitioner himself concedes, the trial judge did instruct the jurors that they should not abandon a conscientiously held position.  Moreover, the trial judge's instruction that each juror had to be willing and able to give a fair and calm explanation of his or her respective position if asked by other jurors to do so is a far cry from a direction that the jurors were obligated to "convince" one another.  Petitioner points to no other Supreme Court case clearly establishing that the trial judge's Allen charge was coercive under the circumstances of the case.  For the above reasons, in addition to the reasons articulated in the Report, the appellate court decision upholding the trial judge's Allen charge under the circumstances of the case was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.

Petitioner disputes the Report's factual finding that the District Attorney's files indicated that the plea offer did not cover the murder charge.  The state court deciding Petitioner's Section 440.10 motion had found that the state had recorded the fact that the plea offer did not cover the murder charge in its files, but Petitioner argues that "no claim was made that this alleged fact was recorded in the DA's files."  (Br. at 11.)  Petitioner's contention is inaccurate.  As the record demonstrates, the state proffered an affidavit in state court averring that, at the time of the offer, Petitioner was charged with conspiracy, drugs and weapons crimes, the plea offer only covered those offenses, this was recorded in the file, and Petitioner had not even been indicted for

murder at that time.  Petitioner continues to rely solely on his own affidavit in maintaining that the

plea offer included the murder charge.  Therefore, and for the reasons discussed in the Report,

Petitioner has failed to demonstrate by clear and convincing evidence that the state court's factual

determination that the plea offer did not include the murder charge was erroneous, or that the state

court's rejection of Petitioner's self-serving affidavit in arriving at its finding constituted an

unreasonable determination of the facts.  Accordingly, no habeas relief is warranted on these bases.

                Petitioner argues that the Report erroneously rejected Petitioner's substitution of

counsel claim on procedural default grounds by mischaracterizing the relevant portion of

Petitioner's moving affidavit as "recounting . . . the procedural history of the case."  Having

reviewed de novo the affidavit at issue, however, the Court concurs with the Report's finding that

Petitioner's description of the disqualification issue was "part of a recounting of the procedural

history of the case."  (Report at 19 (emphasis added).)  Moreover, even if the description was

something more than a procedural recounting, the affidavit at issue was still submitted as a factual

proffer and, while certain facts averred in an affidavit might be used to support other legal claims,

it is undisputed that none of the legal arguments actually put forth in Petitioner's Memorandum of

Law or in his Notice of Motion raised the attorney disqualification issue as a grounds for reversal.

                Petitioner also contends that the state cases upon which the Report relies, in support

of the finding that the rule barring consideration of legal arguments raised for the first time in reply

papers is a regularly followed practice in state court, are inapposite because the purpose of the rule

is to prevent the movant from precluding his opponent from responding and, in this case,

Petitioner's adversary had the opportunity to request permission to file a sur-reply.  None of the

courts in the cases cited by the Report, however, premises its invocation of the rule on a finding

that the movant's opponent had no opportunity to file a sur-reply.  Petitioner's reliance on a state

court case explaining that one purpose of the rule is to ensure that the adversary has a chance to respond is misplaced, because nothing in that case holds that the rule may <u>only</u> be applied if the adversary has no opportunity to request leave to file a sur-reply.  <u>See</u> <u>People v. Minota</u>, 137 A.D.2d 837, 838 (2d Dep't 1988).  Petitioner also cites a single New York Supreme Court case where the trial court exercised its discretion in permitting a sur-reply in response to issues raised for the first time in the reply, <u>see</u> <u>Phillipe v. City of New York</u>, 8 Misc. 3d 1016 (N.Y. Sup. 2005), but the mere fact that a court may exercise such discretion does not mean that the rule at issue is not regularly followed.  Petitioner does not cite any other case which he contends demonstrates that the rule is not regularly followed.  Therefore, the Report's finding that the rule is regularly followed in New York was not erroneous.

Taking into consideration the above rulings with respect to Petitioner's specific objections to the Report's application of the <u>Cotto</u> guideposts, the Court has reviewed the remaining aspects of the Report's <u>Cotto</u> analysis and finds no clear error.  For these reasons, the Court adopts the Report's conclusion that the state procedural bar prevents habeas review of Petitioner's attorney disqualification claim.

The Court has also reviewed thoroughly all remaining aspects of the Report, as well as the portions of the Report to which Petitioner raises generalized objections, and finds no clear error.  Accordingly, the Court adopts the Report and its recommendation that the petition be denied.

<u>CONCLUSION</u>

For the foregoing reasons, the Court adopts the Report and accepts its recommendation that Petitioner's petition for a writ of habeas corpus be denied.  Because

Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

The Clerk of Court is respectfully requested to enter judgment denying the petition and close this case.

SO ORDERED.

Dated:      New York, New York
            May __, 2009

_____
LAURA TAYLOR SWAIN
United States District Judge

Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

The Clerk of Court is respectfully requested to enter judgment denying the petition and close this case.

SO ORDERED.

Dated:      New York, New York
            May 26, 2009

                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge